**08-4621-cv**
**Lafaro v. New York Cardiothoracic Group**

UNITED STATES COURT OF APPEALS

FOR THE SECOND CIRCUIT

—————————————————

August Term, 2008

(Argued: March 16, 2009      Decided: August 7, 2009)

Docket No. 08-4621-cv

—————————————————

ROCCO J. LAFARO, M.D., ARLEN G. FLEISHER, M.D., CARDIAC SURGERY GROUP, P.C.,

*Plaintiffs-Appellants*,

–v.–

NEW YORK CARDIOTHORACIC GROUP, PLLC, STEVEN L. LANSMAN, M.D., DAVID SPIELVOGEL, M.D., WESTCHESTER COUNTY HEALTH CARE CORPORATION, WESTCHESTER MEDICAL CENTER,

*Defendants-Appellees*.

—————————————————

Before:
    CALABRESI and WESLEY, *Circuit Judges*, and DRONEY, *District Judge*.[*]

Plaintiffs-appellants' itemized bill of costs submitted pursuant to Rule 39(d) of the Federal Rules of Appellate

_____

[*] The Honorable Christopher F. Droney, United States District Court for the District of Connecticut, sitting by designation.

Procedure following a judgment of this Court, entered July 1, 2009, that vacated and remanded a September 11, 2008 order of the United States District Court for the Southern District of New York (Robinson, *J.*), is hereby construed as an application for costs and GRANTED.

GRANTED.

---

RICHARD G. MENAKER, Menaker & Herrmann, LLP, New York, NY, *for Plaintiffs-Appellants*.

JORDY RABINOWITZ, Senior Associate General Counsel, Westchester County Health Care Corporation, Office of Legal Affairs, Valhalla, NY, *for Defendants-Appellees*.

---

PER CURIAM:

In the appeal underlying this application for costs, we vacated the district court's order and remanded the case for further proceedings. *Lafaro v. N.Y. Cardiothoracic Group*, No. 08-4621-cv, 2009 U.S. App. LEXIS 14283 (2d Cir. July 1, 2009). Plaintiffs-appellants, who sought the remand, subsequently filed their itemized bill of costs, to which defendants-appellees object on the ground that, in the event of vacatur and remand, Federal Rule of Appellate Procedure 39(a)(4) provides for costs only as ordered by the Court.

We have previously allowed the party seeking and

obtaining vacatur and remand to obtain costs by filing a bill of costs where not previously ordered by the court. *Gierlinger v. Gleason*, 160 F.3d 858, 867, 881-82 (2d Cir. 1998). However, in *Gierlinger*, the party against whom costs were asserted did not timely file an objection. *See id.* That is not the situation here.

Where "a judgment is affirmed in part, reversed in part, modified, or vacated," Fed. R. App. P. 39(a)(4), costs must be ordered before a party filing a bill of costs under Federal Rule of Appellate Procedure 39(d) is entitled to receive them. We therefore construe plaintiffs-appellants' bill of costs as an appropriate application for costs and GRANT the motion.